UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES ALLEN LEE,

     Petitioner,

v.                              CASE NO. 6:14-cv-325-Orl-36KRS
                                    (6:12-cr-155-Orl-36KRS)

UNITED STATES OF AMERICA,

     Respondent.
_____/

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by James Allen Lee (Doc. No. 1).   The Government filed a response and supplemental response to the § 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts* (Doc. No. 5).   Although Petitioner was given an opportunity to file a reply, he did not do so.

Petitioner alleges one claim for relief: the Bureau of Prisons refuses to comply with the Court's order that his thirty-month federal sentence shall run concurrently to his state sentences.   For the following reasons, Petitioner's § 2255 motion will be denied.

## I.    PROCEDURAL HISTORY

Petitioner was indicted on one count of theft of government property in violation of 18 U.S.C. § 641 (Criminal Case 6:12-cr-155-Orl-36KRS, Doc. No. 1).[1]  An amended

---

[1] Hereinafter Criminal Case No.6:12-cr-155-Orl-36KRS will be referred to as

indictment was later filed merely to correct the forfeiture amount (Criminal Case Doc. No. 67).    Pursuant to a written plea agreement, Petitioner entered a guilty plea to count one as charged (Criminal Case Doc. No. 76).    In exchange for the guilty plea, the Government agreed to forego charging Petitioner with any other federal criminal offenses related to the conduct giving rise to the plea and agreed to recommend a three-level reduction for acceptance of responsibility.    *Id.*    The guilty plea was accepted, and this Court adjudicated Petitioner guilty (Criminal Case Doc. No. 77).    A sentencing hearing was conducted on July 9, 2013, and the Court sentenced Petitioner to a thirty-month term of imprisonment and ordered the sentence to run concurrently to Petitioner's state sentences (Criminal Case Doc. Nos. 81 & 88).    The Court entered Judgment on July 22, 2013 (Criminal Case Doc. No. 82).    Petitioner did not file an appeal with the Eleventh Circuit Court of Appeals.

## II.    ANALYSIS

Petitioner alleges that the Bureau of Prisons has disregarded the Court's order that his sentence should run concurrently to his state sentences (Doc. No. 1 at 4).    Petitioner essentially states that he is not receiving credit for the time he served on his state sentences.    The Government argues that Petitioner's claim is not cognizable in a § 2255 motion (Doc. No. 5).    The Government further contends that Petitioner should raise his claim in a habeas petition pursuant to 28 U.S.C. § 2241.    *Id.*    The Government notes,

---

"Criminal Case."

however, that Petitioner's claim is premature because he has not exhausted his administrative remedies.

Section 2255(a) allows a federal prisoner to bring a motion to vacate on the grounds that (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack.   Petitioner has not alleged that his sentence violates the United States Constitution or any law of the United States.   Moreover, this Court was not without jurisdiction to sentence Petitioner.   Finally, Petitioner has not alleged that his sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. Petitioner has not cited, and this Court has not found, any authority which states that he can raise his current claim in a motion to vacate, set aside, or correct sentence.

Further, the Court notes that the responsibility for executing a federal sentence lies with the Attorney General of the United States, who has in turn delegated the responsibility to the Bureau of Prisons. *See Scruggs v. Adkinson*, 423 F. App'x 858, 859 (11th Cir. 2011) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)); *Rodriguez v. Lamar*, 60 F.3d 745, 747 (11th Cir. 1995).   The Bureau of Prisons has the authority to compute the amount of credit a prisoner is to receive for his time served.   *See Wilson*, 503 U.S. at 334-35; *Lee v. United States*, No. CV511-081, 2011 WL 6004366, at * 1 (S.D. Ga. Oct. 18, 2011); *United States v. Thomas*, No. 5:99-cr-72 (HL), 2010 WL 3761910, at *2 (M.D. Ga. Sept. 20, 2010).   Therefore, a federal prisoner must exhaust his administrative remedies with the

Bureau of Prisons by challenging the Bureau's failure to credit him with time he served on his state sentences. *Thomas*, 2010 WL 3761910, at *2; *see also United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). If, after filing an administrative challenge, Petitioner is still dissatisfied, then he may challenge the Bureau of Prison's determination by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district in which he is confined. *See Scruggs*, 423 F. App'x at 858; *Nyhuis*, 211 F.3d at 1345; *Lee*, 2011 WL 6004366, at *1.

The instant claim is not cognizable in a § 2255 motion. However, to the extent Petitioner can raise his claim in a § 2241 petition, his claim is premature because he has not exhausted his administrative remedies by filing the proper challenges with the Bureau of Prisons. Therefore, Petitioner's § 2255 motion is subject to denial without prejudice to his right to raise the instant claim in a § 2241 petition filed in the federal district in which he is confined.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.    Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED** without prejudice to Petitioner's right to raise his claim in a § 2241 petition.

2.    The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.    The Clerk of Court is directed to file a copy of this Order in criminal case number 6:12-cr-155-Orl-36KRS and to terminate the motion to vacate, set aside, or correct

4

an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 85) pending in that case.

4.     This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).   Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2]   Accordingly, a certificate of appealability is **DENIED** in this case.

**DONE AND ORDERED** at Orlando, Florida, this 20th day of November, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-3 11/20
James Allen Lee
Counsel of Record

---

[2]Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.